**Opinion filed November 3, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00188-CR & 11-16-00189-CR
_____

## TARA CIAPPONI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-45,802 & B-16-0279-CR**

## M E M O R A N D U M   O P I N I O N

Tara Ciapponi originally pleaded guilty to the offenses of possession of methamphetamine and robbery. Pursuant to the terms of the plea agreement in each case, the trial court convicted Appellant, assessed her punishment, and placed her on community supervision. The State subsequently filed a motion to revoke Appellant's community supervision in both cases. After a contested hearing on revocation, the trial court found the allegations to be true and revoked Appellant's community supervision in both cases. The trial court imposed the original sentences:

confinement for two years in a state jail facility and a $1,000 fine for the possession of methamphetamine and confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine for the robbery conviction. We dismiss the appeals.

In both appeals, Appellant's court-appointed counsel has filed a motion to withdraw. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the briefs, a copy of the motions to withdraw, an explanatory letter, and a copy of the reporter's record and the clerk's record in both cases. Counsel also advised Appellant of her right to review the records and file a response to counsel's briefs. Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App.

---

[1]By letter, this court granted Appellant thirty days in which to exercise her right to file a response to counsel's briefs.

2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.


PER CURIAM


November 3, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.